UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERTO BERAS, | CASE NO. 4:12 CV 738 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| ROBERT L. FARLEY, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

On March 27, 2012, Petitioner *pro se* Roberto Beras filed the above-captioned *in forma pauperis* habeas corpus action under 28 U.S.C. § 2241. Petitioner challenges his November 2000 conviction and resulting sentence imposed on him in the United States District Court for the Southern District of New York, on the grounds that, by conducting plea, bail and trial proceedings in the robing room, the trial judge violated the First Amendment rights of the public and the press, Petitioner's Sixth Amendment right to counsel, and Federal Rule of Criminal Procedure 10. For the reasons stated below, the Petition is denied and this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). By enacting section 2255, Congress essentially superseded the traditional habeas corpus remedy for federal prisoners. Larry W. Yackle, Postconviction Remedies, § 31 (1981). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief such as the Antiterrorism and Effective Death Penalty Act of 1996, *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997), or denial of a previously filed section 2255 motion. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). Rather, habeas corpus remains available when the failure to allow some form of collateral review would raise serious questions as to section 2255's constitutionality. *Triestman*, 124 F.3d at 377. The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. James S. Liebman, Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b at 1188 (2d ed. 1994) (citing *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner is clearly seeking to challenge his conviction and the imposition of his sentence rather than its execution. Further, as there is no reasonable suggestion that the § 2255 remedy is "inadequate" or "ineffective," habeas corpus relief under 28 U.S.C. § 2241 is simply unavailable.

Accordingly, the request to proceed *in forma pauperis* is granted, the Petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 7/2/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE